Filed 6/29/26  P. v. Lyons CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS KEVIN LYONS,<br><br>Defendant and Appellant. | B344662<br>(Los Angeles County Super.<br>Ct. No. 24AVCF00055) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Reversed and remanded.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Thomas Kevin Lyons appeals from a judgment after he pleaded no contest to possession of a firearm by a felon and the court sentenced him to the upper term of three years. Lyons's court-appointed appellate counsel filed a brief finding no arguable issues and asking this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. After reviewing the record, we ordered supplemental briefing on whether the trial court prejudicially erred in imposing the upper term based on the aggravating circumstance under California Rules of Court, rule 4.421(b)(2)[1] that a "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness," without either a true finding by a jury or Lyons's admission. We conclude the court erred and the error was prejudicial. Accordingly, we reverse the judgment and remand the matter to the trial court for resentencing.

## PROCEDURAL BACKGROUND[2]

In 2024 the People charged Lyons with second degree burglary (Pen. Code,[3] § 459; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), unlawful possession of ammunition (§ 30305, subd. (a)(1); count 3), custodial possession of a weapon (§ 4502, subd. (a); count 4), and misdemeanor

---

[1]    Further rule references are to the California Rules of Court.

[2]    We do not recite the facts of the case because they are not relevant to the issue before us.

[3]    Further undesignated statutory references are to the Penal Code.

2

vandalism (§ 594, subd. (a); count 5).  As to counts 1 through 4, the People alleged a circumstance in aggravation that Lyons had served a prior term in prison or county jail under section 1170, subdivision (h), within the meaning of rule 4.421(b)(3).[4]

At Lyons's arraignment, Lyons pleaded no contest to the firearm charge (count 2) and admitted the circumstance in aggravation under rule 4.421(b)(3) that he had served a prior term in prison or county jail.  Lyons also entered a so-called "*Cruz* waiver"[5] in exchange for his release from custody pending sentencing.  The parties agreed that if Lyons appeared at the scheduled sentencing hearing, the court would sentence him to a middle term sentence of two years on count 2 and dismiss the remaining charges.  If Lyons did not appear for sentencing, "the judge [could] sentence [him] all the way up to" the "high term maximum."

Lyons failed to appear at the sentencing hearing, and the court issued a bench warrant for Lyons's arrest.  A year later, Lyons was arrested on the bench warrant and appeared in court before Judge Lisa M. Strassner, who did not handle Lyons's plea.

---

[4]     The People did not allege the circumstance in aggravation that Lyons's prior convictions are "numerous or of increasing seriousness" under rule 4.421(b)(2).

[5]     Under section 1192.5, a defendant has several plea-bargaining rights, including the right to withdraw a guilty plea if the trial court later disapproves of the plea.  (See § 1192.5, subd. (c); *People v. Cruz* (1988) 44 Cal.3d 1247, 1249.)  But "a defendant fully advised of his or her rights under section 1192.5 may … expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may … impose a sentence in excess of the bargained-for term." (*Cruz*, at p. 1254, fn. 5.)

Although the reporter's transcript of Lyons's arraignment shows Lyons admitted an aggravating factor under rule 4.421(b)(3), the minute order does not.  Thus, without the benefit of the reporter's transcript, the trial court was unaware that Lyons had previously admitted an aggravating factor under rule 4.421(b)(3).

The court found Lyons willfully failed to appear for sentencing.  The court stated its intention to find true that Lyons's "convictions are numerous and of increasing seriousness" under rule 4.421(b)(2) and to impose the upper term of three years.  The court then noted that its finding was based on Lyons's certified rap sheet from the California Law Enforcement Telecommunications System (CLETS), which was 46 pages long and contained "all of his convictions."

Defense counsel objected to the court's finding on the aggravated circumstance under rule 4.421(b)(2), arguing it was not proven to a jury beyond a reasonable doubt.  Further, defense counsel, who was not present at Lyons's plea, mistakenly told the court that Lyons "did not admit an aggravating factor at the time of his plea," even though Lyons had admitted the factor under rule 4.421(b)(3).

The prosecutor, who similarly was not present at Lyons's plea, failed to correct defense counsel's mistake.  The prosecutor stated, "I have not seen the plea transcript, but based on the People's notes I believe it was the intention that he admit a factor in aggravation.  I understand that that did not happen."  The prosecutor argued the upper term was justified because Lyons "was advised that if he didn't show up for a sentencing he'd be looking at the maximum sentence."

After both sides argued, the court determined that while "the vast majority of factors in aggravation" need to be proven to

4

a jury or admitted by the defendant, the aggravating factor under rule 4.421(b)(2), which the court referred to as "prior convictions of increasing seriousness and numerous," was an "exception." As the court explained, it could find the circumstance true "as long as [there is] a certified" record. The court then concluded that based on the "numerous convictions" in Lyons's certified rap sheet, "dating back to 1977 … the court does find that factor in aggravation to be true."

Lyons timely appealed. On appeal, court-appointed appellate counsel for Lyons filed an opening brief setting forth the facts of the case and requesting that this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel also advised Lyons of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed, and Lyons did not file such a brief.

Following our review of the record, we requested briefing from the parties on the arguable issues whether (1) it was "error for the trial court to sentence Lyons to the upper term based on the circumstance in aggravation under … rule 4.421(b)(2) that Lyons's prior convictions were numerous or of increasing seriousness, without either a true finding by a jury or Lyons's admission," and (2) any error was harmless.

## DISCUSSION

Lyons contends the sentencing court found true that Lyons's prior convictions were both numerous *and* of increasing seriousness within the meaning of rule 4.421(b)(2). Lyons contends the court's reliance on this finding to impose the upper term was erroneous and not harmless. The People argue the

5

court found *only* that Lyons's prior convictions were numerous. The People concede this finding was erroneous but contend the error was harmless. We agree with Lyons.

A.  *Applicable Law*

Section 1170, subdivision (b)(2), provides that the trial court may impose a sentence exceeding the middle term only when aggravating circumstances justify imposition of an upper term sentence, and "the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial."

This "trial right is not merely a state law entitlement, but is constitutionally required." (*People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*); see *People v. Lynch* (2024) 16 Cal.5th 730, 755-767 (*Lynch*).) "Under the Fifth and Sixth Amendments to the United States Constitution, 'any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' " (*Wiley*, at p. 1078; accord, *Erlinger v. United States* (2024) 602 U.S. 821, 834 ["Virtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."]; *Lynch*, at p. 760.)

The only exception to this rule is " 'the fact of a prior conviction.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1079, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490; see *Lynch*, *supra*, 16 Cal.5th at p. 757 ["Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for all facts actually relied on to impose an upper term."].) A court may " 'consider the defendant's prior convictions

6

in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' " (*Wiley*, at p. 1079, quoting § 1170, subd. (b)(3); see *Lynch*, at p. 742 ["Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction."].)  However, this exception is "narrow."  (*Wiley*, at p. 1083.)  "[A] judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Erlinger v. United States*, *supra*, 602 U.S. at p. 838; see *Wiley*, at p. 1084 ["any fact, beyond the bare fact of a prior conviction, that exposes a defendant to harsher punishment, must be found by a jury beyond a reasonable doubt, unless the defendant stipulates to its truth or waives a jury trial"].)

The California Supreme Court in *Wiley* recently clarified that two aggravating factors under the rules of court—the "increasing seriousness" of a defendant's prior convictions (rule 4.421(b)(2)) and "unsatisfactory" performance on probation (rule 4.421(b)(5))—involve "something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them."  (*Wiley*, *supra*, 17 Cal.5th at pp. 1082-1083.)  Accordingly, the court held that a defendant is entitled to a jury trial on those two factors before the factors can be used to justify an upper term sentence.  (*Id*. at pp. 1082, 1085.) The court expressly did not decide whether a defendant is entitled to have a jury determine that a defendant's prior convictions are "numerous" under rule 4.421(b)(2).  (*Wiley*, at p. 1085, fn. 9 [concluding it was unnecessary to consider whether a trial court's "numerical tally" of a defendant's prior convictions for purposes of the numerosity factor under rule 4.421(b)(2) exceeds the scope of the exception for prior convictions].)

B.    *The Trial Court Erred When It Relied on Aggravating Factors That Were Neither Admitted to by Lyons nor Found True by a Jury*

    1.    *The court found Lyons's prior convictions are "numerous" and "of increasing seriousness"*

To justify the upper term, the trial court relied on the aggravating factor set forth in rule 4.421(b)(2), which provides: "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." As the plain language illustrates, this factor contains a disjunctive: "numerous *or* of increasing seriousness." (Rule 4.421(b)(2), emphasis added.) Thus, a trier of fact has several options: it may find the defendant's prior convictions were "numerous"; "of increasing seriousness"; or both "numerous" *and* "of increasing seriousness." (See *People v. Wright* (2025) 113 Cal.App.5th 832, 838, 847 (*Wright*) [trial court imposed upper term based only on a finding of "numerous" prior convictions]; see also *Wiley*, *supra*, 17 Cal.5th at p. 1085 fn. 9 [treating numerosity of convictions as an aggravating factor distinct from the "of increasing seriousness" factor within same rule 4.421(b)(2)].)

Lyons argues that the court found his prior convictions were both numerous *and* of increasing seriousness when imposing the upper term. He points to multiple instances in the record where the court referred to rule 4.421(b)(2) as such. The People argue the court only made a finding as to numerosity, highlighting the court's concluding remarks where the court discussed Lyons's "numerous convictions." We are persuaded by Lyons's argument.

8

The court explicitly stated three different times that it found Lyons's convictions were both numerous "and" of increasing seriousness. The single reference to Lyons's "numerous convictions" in the court's concluding remarks does not negate or conflict with the court's earlier findings. Therefore, we agree with Lyons that the court relied on both the numerosity and seriousness factors when imposing the upper term.

2. *The court was not permitted to sentence Lyons to the upper term based on Lyons's convictions being "numerous" and "of increasing seriousness" without Lyons's admission or a jury finding*

As noted, the court in *Wiley* held a defendant is entitled to a jury trial on the "increasing seriousness" of his or her prior convictions before that factor can be used to justify an upper term sentence. (*Wiley*, *supra*, 17 Cal.5th at p. 1082.) Thus, the trial court here erred in imposing the upper term based on that factor without a jury determination or admission by Lyons. (*Ibid*.)

*Wiley* expressly did not decide whether a defendant is entitled to have a jury determine if his or her convictions are "numerous." (*Wiley*, *supra*, 17 Cal.5th at p. 1085, fn. 5.) The People concede that Lyons was entitled to a jury determination of whether his prior convictions were numerous, and we accept their concession. The court's reasoning and holding in *Wiley* lead us to conclude that the numerosity aggravating factor implicates a defendant's jury trial right. (See *id*. at pp. 1082-1086.)

The determination that a defendant's prior convictions are numerous can require more than a mere numerical tally of the convictions on a CLETS rap sheet. As illustrated in *Wright*, this determination can be made by reference to the character of the convictions. (*Wright*, *supra*, 113 Cal.App.5th at p. 847.) For

9

example, in *Wright*, the defendant had 13 convictions, but 11 of the 13 arose from a single case (one robbery at one establishment involving 11 victims). (*Ibid*.) As our colleagues in Division Eight explained, "a reasonable jury *might* have treated his one … robbery as a single aggregated signifier of culpability." (*Ibid*.) Moreover, a finding of numerosity may be made by reference to the defendant's criminal history. For instance, in *Wright*, the court concluded the defendant's three robberies over his 49 years of life may not strike some jurors as an obviously "numerous" number of convictions. (*Id*. at p. 848.)

As these examples illustrate, the numerosity inquiry requires a qualitative assessment of the convictions. It involves something more than a narrow factual finding that the convictions were sustained and that they had certain elements. Thus, the trial court also erred in imposing the upper term based on the finding that Lyons had "numerous" convictions when that fact was not decided by a jury or admitted by Lyons. (*Wright*, *supra*, 113 Cal.App.5th at p. 847 [defendant "was entitled to, but did not receive (or waive), trial by jury on the aggravating factor of whether he had suffered 'numerous' convictions in the past"]; cf. *Wiley*, *supra*, 17 Cal.5th at pp. 1082-1083 [determination that a defendant's prior convictions are of "increasing seriousness" "requires a qualitative assessment of the offenses" and thus exceeds the scope of the narrow exception for prior convictions].)

C.     *The Error Was Prejudicial*

When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the standard of review under *Chapman v. California* (1967) 386 U.S. 18. (*Wiley*, *supra*, 17 Cal.5th at p. 1087.) Under that standard, a sentence imposed

10

under section 1170, subdivision (b) " 'must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' [Citations.] Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Wiley*, at p. 1087.)

Had the trial court relied only on the numerosity factor to justify the upper term sentence, we could conclude that the failure to afford Lyons a jury trial on whether his prior convictions were numerous was harmless. Lyons does not dispute that he has 27 convictions in total from 1980 to 2019. His criminal history reveals the following convictions: a 1980 conviction for possession of marijuana for sale (Health & Saf. Code, § 11359); a 1982 conviction for disturbing the peace (Pen. Code, § 415); 1987, 2003, 2007, 2011, and 2012 convictions for possession of a controlled substance (Health & Saf. Code, § 11377); 1987 and 1989 convictions for battery (Pen. Code, § 242); a 1989 conviction for trespassing (Pen. Code, § 602, subd. (j)); a 1989 conviction for possession of property with serial number removed (Pen. Code, § 537e, subd. (a)); a 1990 misdemeanor conviction for domestic violence with corporal injury (Pen. Code, § 273.5); 1997 and 2003 convictions for possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)); 2000 and 2002 convictions for driving with a suspended license (Veh. Code, § 14601.1, subd. (a)); a 2003 conviction for petty theft (Pen. Code, § 488); 2003, 2004, and 2006

11

felony convictions for vehicle theft (Veh. Code, § 10851, subd. (a)); a 2008 conviction for possession of a concealable firearm (former Pen. Code, § 12022.1, subd. (a)); a 2009 conviction for vehicle theft with a prior (Pen. Code, § 666.5); a 2011 conviction for possession of drug paraphernalia (Health & Saf. Code, § 11364); a 2012 conviction for receiving stolen property (Pen. Code, § 496, subd. (a)); a 2013 conviction for possession of a controlled substance for sale (Health & Saf. Code, § 11378); a 2017 conviction for transportation or sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)); and a 2019 conviction for attempted burglary (Pen. Code, §§ 664, 459).[6]  Based on that record, no rational juror would conclude that 27 convictions are not numerous.

However, "the facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven." (*Lynch*, *supra*, 16 Cal.5th at p. 757.)  We cannot conclude beyond a reasonable doubt that the jury would have found true that Lyons's prior convictions were of increasing seriousness.  Lyons's criminal history spans almost four decades and includes both misdemeanors and felonies.  The felonies are scattered among the misdemeanors, and none of the felonies is "strikingly more serious than the others, either by reference to the nature of the offense or the punishment." (*Wiley*, *supra*, 17 Cal.5th at p. 1089.) "[W]hile the evidence may have been sufficient to support a finding of increasing seriousness, that is not the proper inquiry ... under *Chapman*.  [Citation.]  Instead, we must ask 'whether any

---

[6]  We derived this information from Lyons's probation report because the CLETS rap sheet was not in the record on appeal.

rational fact finder could have come to the *opposite* conclusion.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) Because a rational juror could have reached the opposite conclusion here based on the totality of Lyons's criminal conduct, we conclude the failure to afford Lyons a jury trial on whether his prior convictions were of increasing seriousness was prejudicial.

The People also contend Lyons is not entitled to remand for resentencing because the record "clearly indicates" that the trial court would have imposed the upper term based on the aggravating factor under rule 4.421(b)(3) if it had been aware that Lyons had already admitted that factor. We agree it is highly likely the court would have relied on this factor to impose the upper term had it known of Lyons's earlier admission of it. At the sentencing hearing, the court stated, "[Lyons] was supposed to appear on February 7, 2024, for a surrender and sentencing. He failed to appear and was picked up about a year later, February 4th of 2025. And so what we have is a *Cruz* waiver violation. … [I]n this situation it is my intent, based upon the *Cruz* waiver violation, to give him three years in state prison, which is the high term." The court plainly wished to impose the upper term, and given Lyons had admitted the aggravating factor under 4.421(b)(3), the court easily and properly could have relied on that factor.

In arguing that the error was harmless because the record "clearly indicates" the court would have relied on the aggravating factor under 4.421(b)(3) had it known of Lyons's admission, the People rely on *People v. Gutierrez* (2014) 58 Cal.4th 1354, in which the Supreme Court "considered the appropriate remedy when the trial court was not aware of the full scope of its discretionary powers at the time of the defendant's sentencing."

13

(*Lynch*, *supra*, 16 Cal.5th at pp. 770-771.)  "In this situation, 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' "  (*Id.* at p. 771, quoting *Gutierrez*, at p. 1391.)  In *Lynch*, the court held the *Gutierrez* "clearly indicates" standard applies where the trial court sentenced the defendant to the upper term at a point in time when the law afforded it broad discretion to select among the triad of three terms, but the law changed to impose a presumption against the upper term before the case was final.  (*Lynch*, at p. 774.)  The Supreme Court determined "[i]t is this constraint on the trial court's discretion that triggers the *Gutierrez* standard because ' "[a] court which is unaware of the scope of its discretionary powers [cannot] exercise that 'informed discretion' ...." ' "  (*Ibid.*)

The "clearly indicates" standard of *Gutierrez* is inapplicable here, where the issue is not that the court was unaware of its discretion under the law but rather was not aware of Lyons's admission.  We cannot conclude that the error was harmless under the rationale that, had the trial court known of the admission to the aggravating circumstance under rule 4.421(b)(3), it surely would have relied on it and imposed the upper term based on that aggravating factor.

/ / /

/ / /

14

## DISPOSITION

We reverse the judgment and remand to the trial court for resentencing.

STONE, J.

We concur:

SEGAL, Acting P. J.

FEUER, J.